### BRUCE v. WRIGHT.

*Evidence — promissory note — parol to explain object of indorsement.*

In an action upon a promissory note against the payee and indorser, *held,* that parol evidence was admissible to show that defendant indorsed such note for the purpose of transferring title only, and upon an agreement with plaintiff that he should not be held liable thereupon.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon the verdict of a jury.

The action was brought by James E. Bruce against John C. Wright, as indorser of a promissory note. The facts sufficiently appear in the opinion.

———, for appellant.

———, for respondent.

MULLIN, P. J. In October, 1873, defendant was drawer and holder of two notes made by John H. Burke and John Burke, Jr., one for $500, and the other for $270, payable to defendant's order. These notes were secured by two chattel mortgages on the property of John Burke, Jr. The plaintiff held at the same time a note against John Burke, Jr., and desiring to get the benefit of the mortgages to obtain payment of said note, applied to defendant through one Stone, who acted as agent for the plaintiff in some of his business affairs, to purchase the notes and mortgages, and the defendant sold and delivered the same to him, but did not then indorse said notes.

Before the maturity of the notes so sold by defendant, Stone called on him and requested him to indorse the note in suit so that plaintiff could bring suit upon it, and defendant indorsed it for that purpose only. The plaintiff caused presentment of said note to be made and payment demanded, and payment being refused, caused notice of such demand and refusal to be served on the defendant, with notice that the plaintiff would look to defendant for payment.

The defendant testified that the understanding and arrangement between him and Stone at the time of the sale of the notes and mortgages was that he (defendant) was not to be liable on these notes. The court submitted to the jury the question whether there was such an agreement between Stone and defendant, and they found there was. The court then directed the jury to find a general verdict for the defendant, and such a verdict was accordingly found and entered. To this direction the counsel for the plaintiff excepted, and asked to go to the jury upon the whole case, and to submit the whole case to the jury. The requests were refused, and the plaintiff's counsel excepted. A motion for a new trial was then made by the plaintiff's counsel, and it was denied by the court.

The agency of Stone for the plaintiff was conceded by the latter, and there was no question in relation to such agency to go to the

jury. The plaintiff was, therefore, bound by the contract between defendant and Stone, and a part of that agreement was that defendant should not be liable on his indorsement of the notes if it was competent for defendant to prove such agreement on the trial.

Where the payee of a negotiable bill or note writes his name on the back of the note, the law authorizes the holder to write over the name an agreement of the payee that, provided the note or bill is presented at the maturity thereof, at the place where it is payable, and if payment is refused and notice thereof given to him, he will pay the amount thereof to the holder. It is not necessary that such an agreement should be actually written on the back of the bill. The courts will treat it as written and enforce it accordingly. Between the indorser and a *bona fide* holder of such a bill obtained before maturity in the regular course of business, and without notice of any different agreement, the indorser will not be permitted to prove any other or different contract, but as between the indorser and his immediate indorsee, the former may prove any agreement limiting his liability or releasing him altogether from any indorsement as such indorser. The rule of law allowing the indorser to give such evidence is thus stated by Byles, in his work on Bills, page 151. He says: "If there be a written or even a verbal agreement between an indorser and his immediate indorsee, that the indorsee shall not sue the indorser, but the acceptor only; it has been held that such an agreement is a good defense on the part of the indorser against his immediate indorsee, suing in breach of the agreement. Indeed, the contract between the indorser and indorsee does not consist exclusively of the writing, popularly called an indorsement, though that indorsement be a necessary part of it. The contract consists partly of the written indorsement, partly of the delivery of a bill to the indorsee, and may also consist partly of the actual understanding and intention with which the delivery was made by the indorser and received by the indorsee. That intention may be collected from the words of the parties to the contract, either spoken or written, from the usage of the place or of the trade, from the course of dealing between the parties, or from their relative situation." *Benton* v. *Martin*, 52 N. Y. 570; *Prentiss* v. *Graves*, 33 Barb. 621; *Ocean Bank* v. *Dill*, 39 id. 577.

It may be doubted whether the court had power to direct a general verdict in favor of the defendant, and then call upon the jury to find specially upon a part of the questions in issue between the

parties, but as no exception was taken to this particular action by the court, the question cannot be raised on the appeal. The plaintiff had the right to go to the jury on the question of fact submitted to them, and I assume that such right was accorded to him, but that the court refused to allow him to address the jury upon any other of the matters in issue. As the agency of Stone was conceded, as was the sale of the notes by defendant to plaintiff, the only remaining question was as to whether there was an agreement that defendant should not be liable on his indorsement. It is incredible that defendant should sell his notes and mortgages for the accommodation of the plaintiff, and yet leave himself liable upon the notes.

The judgment is right, and must be affirmed.

*Judgment affirmed.*